# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GEORGE SHARP, | Case No. 10cv2111 BTM(BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO REMAND** |
| v. | |
| ARENA PHARMACEUTICALS, INC., et al., | |
| Defendants. | |

Plaintiff George Sharp, proceeding *pro se*, has filed a motion to remand this case back to state court, or, in the alternative, to sever the federal securities fraud cause of action from the remaining state causes of action and remand the state causes of action only. For the reasons discussed below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

On September 27, 2010, Plaintiff filed a pro per complaint in state court against Defendant Arena Pharmaceuticals, Inc. ("Arena"), and individual officers of Arena. Plaintiff alleges that he was induced into purchasing common stock of Arena by way of misleading statements made by Defendants regarding Lorcaserin, a drug intended to help weight management and treat obesity. On December 22, 2009, Arena submitted a New Drug Application to the FDA seeking regulatory approval for Lorcaserin. (Compl. ¶ 19.) On July

30, 2010, Arena's common stock traded at an all time high of $7.95 per share. (Compl. ¶ 23.) On September 14, 2010, the FDA released a briefing document in advance of its advisory panel meeting, expressing concern regarding the safety and efficacy of Lorcaserin. (Compl. ¶ 25.) Upon release of the briefing document, Arena's common stock suffered a one-day decline of 39.7%. (Compl. ¶ 26.) On September 16, 2010, the FDA advisory panel voted 9 to 5 against the approval of Lorcaserin. (Compl. ¶ 27.) On September 17, 2010, Arena's common stock suffered a one-day decline of 46.8%. (Compl. ¶ 29.)

Plaintiff's Complaint asserts causes of action for: (1) fraud; (2) negligent misrepresentation; (3) securities fraud; (4) violation of Cal. Bus. & Prof. Code § 17200; and (5) violation of Cal. Bus. & Prof. Code § 17500. Plaintiff seeks injunctive relief as well as monetary damages.

On October 8, 2010, Defendants removed this action. Defendants based the removal on federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441.

## II. DISCUSSION

Plaintiff moves the Court to remand this action back to state court, or, in the alternative, to sever the state claims from the federal claims and remand the state claims. As discussed below, the Court concludes that remand is not appropriate at this time.

This action was properly removed based on the existence of a federal question. In Plaintiff's third cause of action for "securities fraud," Plaintiff cited to Rule 10b-5 as well as to Cal. Corp. Code § 25401. (Compl. ¶¶ 50-60). Furthermore, Plaintiff's fourth cause of action under Cal. Bus. & Prof. Code § 17200 is premised on the violation of Rule 10b-5: "The aforementioned conduct . . . constitute a violation of SEC Rule 10b-5, and as such, each constitute an unfair business practice in violation of Bus. & Prof. Conduct Code section 17200, et seq." (Compl. ¶ 73.)

The Court has supplemental jurisdiction over the remaining state claims. As provided under 28 U.S.C. § 1367: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A state law claim is part of the same "case or controversy" when it shares a "common nucleus of operative fact" with the federal claims and the state and federal claims would normally be tried together. Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004). Here, the state claims concern the same operative facts – i.e., misrepresentations regarding the safety and efficacy of Lorcaserin – and are part of the same case or controversy.

In his moving papers, Plaintiff argues that his claims are based on violations of Section 12(a)(2) of the Securities Act of 1933 and that, therefore, Plaintiff's claims were not removable. See 15 U.S.C. § 77v(a). However, Plaintiff's Complaint does not reference Section 12(a)(2) at all. Moreover, Plaintiff does not allege that Defendants offered or sold securities "by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact," as required by the statute.

Plaintiff argues that even if some of his claims qualify as federal claims, the Court should remand the state claims. The Court disagrees. Under 28 U.S.C. § 1367(a), a court may decline to exercise jurisdiction over a supplemental state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. None of these conditions is satisfied here.

Plaintiff asks for leave to amend his Complaint to eliminate all reliance on federal law. The Court will allow Plaintiff to amend his Complaint to eliminate his federal claims and will reconsider Plaintiff's request to remand upon the filing of the amended complaint.[1]

---

[1] The Court is not persuaded by Defendants' argument that Plaintiff's state claims qualify as a "covered class action" within the meaning of the SLUSA, 15 U.S.C. § 78bb(f)(1)-(2). Plaintiff does not assert that he is bringing claims or seeking damages on behalf of others. In the cases cited by Defendants, the UCL claims were specifically brought as a class action or "on behalf of others." See Arias v. Superior Court, 46 Cal. 4th 969, 976 (2009); Feitelberg v. Merilly Lynch & Co., Inc., 234 F. Supp. 2d 1043 (N.D. Cal. 2002). These cases do not hold that when an individual alleging securities fraud brings a UCL claim

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand is **DENIED** without prejudice. Within 15 days of the entry of this Order, Plaintiff may file an amended complaint eliminating the federal claims. Within 10 days of the filing of the amended complaint, Defendants shall file a brief (not to exceed 10 pages) showing cause why the Court should not exercise its discretion to remand the case. Plaintiff may file a response brief (not to exceed 10 pages) on the issue of remand within 10 days of the filing of Defendants' brief.

**IT IS SO ORDERED.**

DATED: December 29, 2010

Honorable Barry Ted Moskowitz
United States District Judge

---

on behalf of himself alone, such claim constitutes a "covered class action."