# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SHARP,<br><br>                      Plaintiff,<br>  v.<br><br>ARENA PHARMACEUTICALS, INC., et al.,<br><br>                      Defendants. | Case No. 10cv2111 BTM(BLM)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

    Plaintiff George Sharp has filed a motion for reconsideration of the Court's Order filed on February 17, 2011, in which the Court held that it would retain supplemental jurisdiction over Plaintiff's state claims. For the reasons discussed below, Plaintiff's motion for reconsideration is **DENIED**.

    Under Rule 54(b), any interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Generally, reconsideration is deemed appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. School Dist. No. J, Multnomah County, Oregon v. AC & S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

    Plaintiff contends that the Court's decision was incorrect and "manifestly unjust." Plaintiff argues that contrary to the Court's conclusion, judicial economy is best served by

remanding this case because "it can be assumed that future cases will be filed in State court which allege similar, if not the exact, causes of action alleged in this Plaintiff's amended complaint." The Court declines to speculate regarding state court lawsuits that may be filed in the future. The Court considers the lawsuits that are before it, and remains convinced that coordinated discovery and pretrial proceedings in Plaintiff's case and the Class Action cases would promote judicial economy and the convenience of the parties.

Plaintiff also argues that if he is forced to litigate his claims in federal court, the prosecution of his claims will be unjustly delayed. Again there is no certainty that his case would proceed much more quickly in state court. As mentioned previously, Defendants could bring a motion to stay state court discovery under Section 101(b)(2) of the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78u-4(b)(3)(D), which, if granted, would halt the progress of the state litigation.

Finally, Plaintiff argues that he fears that Lead Counsel in the class action cases might not act in his best interests, unjustly compelling him to retain counsel to represent his own interests and imposing a financial burden on him. The Court understands Plaintiff's fear that he will lose control over his case, but does not believe that Plaintiff's fear is well-founded. Even if Plaintiff's case is consolidated with the class actions for purposes of coordination of discovery and pretrial proceedings, Plaintiff will not lose his procedural or substantive rights or cede authority over his claims. As explained by the United States Supreme Court, consolidation "does not merge the suits in to a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-497 (1933). Plaintiff will be free to file his own motions on the merits of his claims and will not be bound by settlement negotiations conducted in the Class Action cases. See Discount Bank and Trust Co. v. Salomon Inc., 141 F.R.D. 42 (S.D.N.Y. 1992). In addition, Plaintiff will always have the right to opt out of any class that is certified and pursue his own claims.

Whether Plaintiff feels compelled to hire an attorney is not within the Court's control and is not a basis for reconsideration of the Court's prior Order. Plaintiff has not established

that the Court's decision to retain jurisdiction over his claims was clearly erroneous or manifestly unjust.  Therefore, Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 9, 2011

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge